**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2576-17T4

KATHLEEN Q. FABLE,

    Plaintiff-Appellant,

v.

DENNIS DOROS and AMY HELLER,

    Defendants-Respondents.

_____

Argued December 5, 2018 – Decided December 28, 2018

Before Judges Koblitz, Ostrer, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7258-16.

Keith J. Roberts argued the cause for appellant (Brach Eichler, LLC, attorneys; Keith J. Roberts, of counsel and on the briefs; Shannon Carroll, on the briefs).

Stephen R. Katzman argued the cause for respondents (Methfessel & Werbel, attorneys; Stephen R. Katzman, of counsel and on the brief).

PER CURIAM

Plaintiff Kathleen Q. Fable appeals from a June 20, 2017 order dismissing her complaint with prejudice against defendants Dennis Doros and Amy Heller. We affirm.

This case involves the election of plaintiff to the Northern Valley Regional Board of Education (BOE) and her controversial views as a BOE member.[1] Plaintiff had emphatic positions on various issues, including supporting random drug testing of students in the school district. Defendants, as well as other parents, had diametrically opposing views to many of the positions espoused by plaintiff while she served on the BOE.

As a member of the BOE, plaintiff posted her views about random drug testing of students on her private Facebook page. One defendant was able to view plaintiff's Facebook posts as part of a Facebook group.

Plaintiff's proposal to randomly test students for drugs was presented at a BOE hearing on September 23, 2013. Defendants, and others, opposed the proposal. Defendants claimed plaintiff wrote in her Facebook posts that "anyone who opposes random drug testing smokes pot with their kids."

A week later, an online news source, the Record, posted an article entitled "A Bad Fable." Plaintiff believed defendants contributed to the online article

---

[1] Plaintiff took office as a BOE member in January 2013.

although there was no attribution of authorship associated with the article. The critique noted plaintiff's comments regarding drug testing on her Facebook page and at the BOE hearing. The news item demanded an apology from plaintiff for her statement that those who opposed drug testing smoked marijuana with their children. Plaintiff claimed defendants reposted the article on the internet and Facebook on October 29, 2013.

The relationship between plaintiff and parents, including defendants, did not improve during plaintiff's term in office. In October and November of 2015, plaintiff claimed defendants accused her of violating the School Ethics Act, N.J.S.A. 18A:12-21, having a conflict of interest, and publicly shaming students. She further alleged defendants circulated petitions aimed at defeating her bid for re-election to the BOE in November 2015 and encouraged students to file Harassment, Intimidation, and Bullying (HIB) complaints against plaintiff.[2] In addition, plaintiff accused defendants of using social media to proclaim school children were "victimized by plaintiff's cruelty," and plaintiff was a "nightmare for parents, children, and schools."

---

[2] The HIB complaints were investigated by the district's HIB specialist, who issued an investigative report regarding the HIB complaints in November 2013. No action against plaintiff was recommended as a result of the HIB investigation.

A-2576-17T4

In October 2016, plaintiff filed a complaint, asserting defamation and tortious interference with prospective economic and business relations (October 2016 complaint). The allegations in the October 2016 complaint focused on defendants' statements and conduct in September 2013 related to plaintiff's views on the random drug testing of students.

In lieu of filing an answer, defendants moved to dismiss the October 2016 complaint for failure to state a claim upon which relief may be granted. Defendants argued the complaint was not filed within the one year period of limitations for a defamation action. The motion judge denied the motion, but ordered the parties to conduct limited discovery for ninety days to address the statute of limitations.

In December 2016, prior to the expiration of the ninety-day period, plaintiff filed an amended complaint (December 2016 complaint). In the amended complaint, plaintiff alleged defamation, abuse of process, malicious prosecution, and intentional and negligent infliction of emotional distress. The December 2016 complaint omitted allegations against defendants related to plaintiff's random drug testing views. Instead, the December 2016 complaint focused on defendants' statements and actions in October and November 2015.

4

Defendants filed a motion to dismiss the December 2016 complaint pursuant to Rule 4:6-2(e). Plaintiff opposed the motion. After considering the arguments of counsel, the motion judge granted defendants' motion, finding the December 2016 complaint raised entirely new claims that did not relate back to the October 2016 complaint pursuant to Rule 4:9-3, the newly asserted defamation claim was not filed within the one year statute of limitations, and the remaining claims were time-barred because they were derivative of the defamation claim.

On appeal, plaintiff contends the claims in the December 2016 complaint related back to the October 2016 complaint and thus were filed within the applicable period of limitations. She also argues her remaining claims were not derivative of the defamation claim.

Our review of a motion to dismiss a complaint for failure to state a claim upon which relief may be granted is de novo. Smerling v. Harrah's Entm't, Inc., 389 N.J. Super. 181, 186-87 (App. Div. 2006). In assessing the dismissal of a complaint under Rule 4:6-2(e), we "search the complaint 'in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165 (2005) (quoting

Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "[I]f the complaint states no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." Banco Popular N. Am., 184 N.J. at 166 (citing Pressler, Current N.J. Court Rules, cmt. 4.1 on R. 4:6-2 (2005)).

N.J.S.A. 2A:14-3 provides "[e]very action at law for libel or slander shall be commenced within [one] year next after the publication of the alleged libel or slander." "[L]ibel is defamation by the written or printed word[.]" W.J.A. v. D.A., 210 N.J. 229, 238 (2012). "Whether a cause of action is barred by a statute of limitations is a question of law . . . reviewed de novo." Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016) (citing Estate of Hanthaler v. Zurich Commercial Ins., 387 N.J. Super. 318, 325 (App. Div. 2006)).

Rule 4:9-3 governs when an amended complaint relates back to the filing of an original complaint. The Rule provides, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the pleading[.]" R. 4:9-3. A claim arises out of the "conduct, transaction, or occurrence" asserted in a prior pleading when it "constitutes the same matter more fully or differently laid, or [when] the gist

of the action or the basic subject of the controversy remains the same . . . . '" Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 498 (2006) (quoting Harr v. Allstate Ins. Co., 54 N.J. 287, 299 (1969)). If an amendment asserts a "distinctly new or different claim," the new claim will not be permitted if the statute of limitations for asserting the claim has expired. See Wimmer v.Coombs, 198 N.J. Super. 184, 187-88 (App. Div. 1985) (quoting Harr, 54 N.J. at 299). As we determined in Young v. Schering Corp., "an entirely new and distinctly different cause of action cannot by means of an amendment of the pleadings be introduced after the statute has tolled the action." 275 N.J. Super. 221, 230 (App. Div. 1994) (quoting Welch v. Bd. of Ed. of Tewksbury Twp., 7 N.J. Super. 141, 145 (App. Div. 1950)). While Rule 4:9-3 is to be construed liberally, it does not save claims that are new or different from the claims previously asserted. See Notte, 185 N.J. at 499.

The claims in plaintiff's October 2016 complaint and December 2016 complaint do not arise from the same transaction or occurrence. The October 2016 complaint is premised upon defendants' statements and activities in September 2013 regarding plaintiff's views on random drug testing of students. The December 2016 complaint never mentions defendants' activities in 2013 and is based on wholly different statements, events, and postings by defendants in

October and November 2015. Because plaintiff filed an amended complaint in December 2016, based on new allegations related to defendants' activities in October and November 2015, her defamation claim in that action does not relate back and is barred by the one year period of limitations under N.J.S.A. 2A:14.

Plaintiff's argument that the two complaints articulate a single defamatory "attack campaign" against her is unavailing. The claims in the two complaints are based on distinctly different acts from different time periods.

We next consider plaintiff's contention that her newly added causes of action in the December 2016 complaint should not have been dismissed as derivative of her defamation claim. Defenses to a defamation claim retain their status to derivative claims based on the alleged defamatory conduct. See Rainer's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 563–64 (1955). If the alleged defamation is not actionable, then "its consequences are also not actionable." Lobiondo v. Schwartz, 323 N.J. Super. 391, 417 (App. Div. 1999). "It would obviously be intolerably anomalous and illogical for conduct that is held not to constitute actionable defamation nevertheless to be relied on to sustain a different cause of action based solely on the consequences of that alleged defamation." Ibid.

Plaintiff's defamation claim in the December 2016 complaint was properly dismissed because it asserted distinctly new claims based on wholly different conduct and consequently did not relate back to the October 2016 complaint. Moreover, the alleged defamatory conduct asserted in the December 2016 complaint occurred in October and November 2015 and is thus barred by the statute of limitations. Since the defamation claim in the December 2016 amended complaint is not actionable, the consequences flowing from the defamatory action, including plaintiff's claims for emotional distress, tortious interference with business relations, abuse of process, and malicious prosecution are not actionable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2576-17T4