811 A.2d 458 (2001)
356 N.J. Super. 1
Sarah J. MORTARA and Angelo J. Mortara, her husband, Plaintiffs-Appellants,
v.
CIGNA PROPERTY & CASUALTY INSURANCE COMPANY and Ohio Casualty Insurance Company, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted September 12, 2001.
Decided September 25, 2001.
*459 Basile & Testa, Vineland, for appellants (Walter A. Schultz, Jr., on the brief).
Cooper, Perski, April, Niedelman, Wagenheim & Levenson, Atlantic City, for respondent Cigna Property & Casualty Insurance Company (Gerard W. Quinn, on the brief).
Radano & Lide, Vineland, for respondent Ohio Casualty Insurance Company (Melville D. Lide, on the brief).
Before Judges A.A. RODRIGUEZ and LEFELT.
PER CURIAM.
On February 19, 1993, plaintiff Sarah Mortara was driving a Vineland Board of Education school bus when it collided with an automobile operated by Herminio Cordero. Royal Insurance Company insured Cordero with $50,000 maximum liability coverage. Mortara, who was seriously injured in the accident, had a personal liability insurance policy with Ohio Casualty containing $50,000 underinsured motorist ("UIM") coverage and was also insured by the school board's insurance policy with Cigna Property Casualty Insurance Company, which had a $1,000,000 UIM limit. After being partially compensated by Royal insurance on behalf of Cordero, plaintiffs Mortara and her husband pursued UIM coverage from Ohio Casualty and Cigna. Plaintiffs appeal from Judge Bowen's dismissal of their UIM action based on the statute of limitations. We affirm.
Plaintiffs began their claim for UIM benefits against Ohio Casualty, Mortara's personal automobile insurer and correctly provided settlement notice under Longworth v. Ohio Casualty, 223 N.J.Super. 174, 538 A.2d 414 (App.Div.1988). After not receiving any response from Ohio Casualty, plaintiffs filed a complaint and order to show cause seeking to compel UIM arbitration. Ohio Casualty then agreed to arbitration and plaintiffs, in reliance upon Ohio Casualty's promise, voluntarily dismissed their complaint on August 1, 1996. After the dismissal, instead of commencing arbitration, Ohio Casualty took the position *460 that Cigna, as the school board's insurer should be the primary source for plaintiffs' UIM benefits.
Plaintiffs thereafter pursued Cigna for UIM coverage. Despite forwarding several written claims to Cigna, the insurer failed to respond. Finally, on March 20, 1998, Cigna denied that any UIM coverage was available to plaintiffs. Despite being confronted with plaintiffs' analysis of the school board's insurance policy, Cigna on August 5, 1998 again denied that UIM benefits were available to plaintiffs.
It was not until January 14, 2000, however, that plaintiffs filed a verified complaint and order to show cause against Cigna seeking to compel UIM arbitration. Plaintiffs amended this complaint to add Ohio Casualty on May 24, 2000. After Judge Bowen dismissed plaintiffs' complaint for failure to comply with the applicable statute of limitations, this appeal followed.
According to Green v. Selective Ins. Co. of America, 144 N.J. 344, 351-353, 676 A.2d 1074 (1996), plaintiffs had six years from the date of the accident to commence their UIM claim. Thus, in this case, plaintiffs had until February 19, 1999 to file their complaint. This they failed to do.
Plaintiffs knew by August 5, 1998 that both Cigna and Ohio Casualty were in essence denying coverage. A complaint filed reasonably promptly thereafter would have been timely. However, plaintiffs failed to file their complaint until January 14, 2000, well after the statute of limitations had expired. A claim must be commenced by filing a complaint and is not commenced by writing letters or negotiating with one's adversary. R. 4:2-2; McCoy Co., Inc. v. S.S. Theomitor III, 133 N.J.Super. 308, 320-21, 336 A.2d 80 (Law Div.1975).
Furthermore, equitable estoppel is not properly invoked in this matter. Both carriers received notice of the claim and disputed the claim for specific reasons. Estoppel is not warranted even though Ohio Casualty initially agreed to arbitration and then upon further study claimed to be only secondarily liable. Any reliance by plaintiffs upon Ohio Casualty's initial willingness to arbitrate cannot be said to have caused the plaintiffs' failure to comply with the statute of limitations. After reviewing the record, and considering the requirements for equitable estoppel, we find no reason to invoke estoppel. Carlsen v. Masters, Mates & Pilots Pension Plan Trust, 80 N.J. 334, 339, 403 A.2d 880 (1979).
Affirmed.