**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3282-17T3

BRIAN E. KILLION,

     Plaintiff-Appellant,

v.

CHRISTOPHER R. FREDRICKS,

     Defendant-Respondent.

_____

Submitted April 30, 2019 – Decided October 21, 2019

Before Judges Suter and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1282-16.

Brian E. Killion, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Michael Ezra Vomacka, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

SUTER, J.A.D.

Plaintiff Brian E. Killion appeals from the February 2, 2018 order that dismissed with prejudice his Law Division complaint for damages. We affirm.

Plaintiff's complaint, docketed as L-1282-16, alleged that on May 22, 2014, he was an inmate at Trenton State Prison when defendant Christopher R. Fredricks strip searched him "in an unprofessional, undignified, humiliating, degrading and disrespectful manner." Plaintiff claimed he was prevented from using the bathroom for three hours and was "generally harassed" by defendant. Plaintiff's complaint sought compensatory damages for a variety of torts, including physical stress, fear, humiliation, degradation, anxiety, emotional stress and mental anguish. Although dated May 19, 2016, plaintiff does not dispute that this complaint was received by the court on June 15, 2016, and filed on June 27, 2016.

Plaintiff claimed he did not receive a track assignment notice. See R. 4:5A-2(a) (requiring the court to "mail a notice of track assignment" within ten days of a complaint being filed). Nonetheless, plaintiff apparently was aware the complaint was dismissed without prejudice on January 13, 2017, because he filed a motion shortly afterward to reopen this case. His motion was denied. Despite this, plaintiff filed another complaint—identical to his first complaint— seeking the same relief. The court assigned this new complaint docket number

L-952-17. While L-952-17 was pending, plaintiff filed an appeal regarding the dismissal of his original complaint.[1] The original complaint, L-1282-16, was reinstated in May 2017, because according to the court's letter, it had been dismissed for lack of prosecution without the requisite sixty-day dismissal notice. This reinstatement allowed the summons and complaint for L-1282-16 to be served. Defendant filed an answer to that complaint in October 2017.[2]

Meanwhile, there was no activity on the newer complaint docketed under L-952-17 and, following notice in September 2017, that complaint was dismissed without prejudice in November 2017 for lack of prosecution. The court notices unequivocally identified that case under its docket number, L-952-17.

In December 2017, defendant filed a motion to dismiss the original complaint under docket number L-1282-16. Defendant indicates in his appellate brief that the motion was based on lack of compliance with the two-year statute of limitation for tort actions. See N.J.S.A. 2A:14-2(a). Plaintiff did not file opposition to that motion. Plaintiff instead filed a motion on January 16, 2018, to reinstate L-1282-16, apparently under the mistaken impression that it had

---

[1] Plaintiff references an appeal but did not include it in the appendix.

[2] The answer is not included in the appendix.

A-3282-17T3

been dismissed for lack of prosecution, when in fact, it was L-952-17 that had been dismissed. Defendant's attorney advised the court about the confusion. On February 2, 2018, the court dismissed complaint L-1282-16 with prejudice, based on defendant's unopposed motion. The February 2, 2018 order also withdrew plaintiff's[3] motion to reinstate L-1282-16 as moot.

Plaintiff has never filed substantive opposition to defendant's motion to dismiss the complaint. On appeal, plaintiff argues: "The Court's Failure to Notify Plaintiff of the Opening of a Duplicate Case Caused Plaintiff to Believe That All Filings Were of the Same Case [and that] is Plain Error."

We afford a deferential standard of review to the factual findings of a trial court. Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974). These findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of

_____

[3] Improperly designated as defendant in the order.

<u>Manalapan</u>, 140 N.J. 366, 378 (1995)). We review de novo the order dismissing plaintiff's complaint. <u>Id.</u> at 182-83.

The trial court's February 2, 2018 oral decision referenced three arguments by defendant. The court agreed with defendant that plaintiff's claims were barred by the statute of limitations, finding "[t]hat argument is supported by the allegations provided here and the law provided by the defendant." It agreed that defendant was "immune from suit because [of] the Tort Claims Act [TCA] and due to qualified immunity." <u>Ibid.</u> With respect to the TCA, plaintiff's complaint did "not allege any state of mind by defendant, much less actual malice or willful misconduct[.]" <u>Ibid.</u> The trial court also found plaintiff was "protected by qualified immunity because he is not a government official." The court found defendant's "alleged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[4] <u>Ibid.</u>

We agree defendant's motion to dismiss complaint L-1282-16 was correctly decided on grounds that the statute of limitations had expired. Whether a cause of action is barred by a statute of limitations is a legal question subject

---

[4] We are not able to evaluate the validity of the TCA findings. The appendix does not include defendant's December 2017 motion to dismiss or any of the supporting certifications or affidavits. The trial court made no additional factual findings.

A-3282-17T3

to our de novo review.  See Estate of Hainthaler v. Zurich Commercial Ins., 387 N.J. Super. 318, 325 (App. Div. 2006) (citations omitted).  Pursuant to N.J.S.A. 2A:14-2(a), a lawsuit "for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued[.]"

Plaintiff's complaint (L-1282-16) alleged his cause of action accrued on May 22, 2014 when he claims he was strip searched.  The complaint was received by the court on June 15, 2016, and filed on June 27, 2016.  Both of these dates were more than two years after defendant claimed his cause of action accrued.  We agree with the trial court's order of February 2, 2018 that plaintiff's claim was barred by the two-year statute of limitations in N.J.S.A. 2A:14-2(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3282-17T3