**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2898-18T3

KENNETH DOCTORS and
CANDACE DOCTORS,

     Plaintiffs-Appellants,

v.

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

     Defendant-Respondent.

_____

> Argued March 4, 2020 – Decided April 3, 2020
>
> Before Judges Suter and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4991-18.
>
> Phillip C. Wiskow argued the cause for appellants (Gelman Gelman Wiskow & McCarthy, LLC, attorneys; Phillip C. Wiskow, on the brief).
>
> Daniel J. Pomeroy argued the cause for respondent (Pomeroy Heller & Ley, LLC, attorneys; Daniel J. Pomeroy and Karen E. Heller, on the brief).

PER CURIAM

Plaintiffs Kenneth and Candace Doctors appeal the January 25, 2019 summary judgment order that dismissed their complaint against defendant New Jersey Manufacturers Insurance Company (NJM), finding NJM had no obligation to provide underinsured motorist (UIM) coverage for a motor vehicle accident on January 5, 2010, because the statute of limitations expired. We affirm the trial court's order.

I.

Kenneth Doctors was involved in a motor vehicle accident with Mary Staeger on January 5, 2010. He was insured under a private passenger automobile insurance policy issued by NJM. Plaintiffs sued Staeger in 2011 for personal injuries that they attributed to the accident. Staeger's insurance policy included a $100,000 limit for bodily injury liability coverage. Plaintiffs' policy included $300,000 in UIM coverage.

On August 21, 2013, plaintiffs' attorney wrote to NJM for permission to settle the claim against Staeger for $99,000. In this "Longworth"[1] letter, counsel stated it was "my client's intention to pursue underinsured motorist benefits under . . . [his] policy." The letter advised NJM that the tortfeasor had a

_____

[1] Longworth v. VanHouten, 223 N.J. Super. 174 (App. Div. 1988).

A-2898-18T3

$100,000 policy. It was counsel's intention to settle with the tortfeasor for $99,000 in exchange for a "General Release." The letter advised NJM that counsel would "[p]roceed with underinsured motorist arbitration proceedings in the event I am unable to settle my client's UIM claim with NJM." Counsel added if NJM did not respond in thirty days, he would forward it the General Release "and demand arbitration of my client's UIM claim." Counsel authorized NJM to review the personal injury protection (PIP) file "for purposes of evaluating the UIM claim."

NJM approved plaintiffs' request to settle against Staeger for $99,000. NJM's September 10, 2013 letter requested "[i]n reference to the potential UIM claim," a copy of the "demand package" sent to Staeger's carrier; the name, address and phone number of plaintiffs' family doctor and a signed authorization for that doctor's records; and authorization to review the PIP file. After a follow-up letter, plaintiffs' attorney provided the signed release and authorization to review the PIP file in December 2013.

After this, NJM sent eight letters to plaintiffs' attorney—starting in March 2014 and continuing to December 2015—asking for information about Kenneth Doctors' current status, his medical bills and reports, an authorization for family doctor records and to schedule an independent medical examination (IME).

Plaintiffs' attorney did not respond to any of these letters or provide the information requested.

The statute of limitations for plaintiffs' UIM claim expired on January 5, 2016, six years after the date of the accident with Staeger. NJM did not inform plaintiffs' attorney about the statute of limitations prior to its expiration.

Following his phone call to NJM in January 2018, plaintiffs' newly retained attorney wrote to NJM on February 15, 2018, advising that once NJM had agreed to arbitrate the case, the statute of limitations was stayed. Plaintiffs took the position "an insurer cannot defeat an insured's UIM claim by failing to act on a formal demand within six . . . years of the date of the accident and then raise the bar of the statute of limitations when the insured files suit." Plaintiffs' counsel advised suit would be filed in the near future requesting damages and pre-judgment interest.

In August 2018, plaintiffs filed an order to show cause requiring NJM to show cause why they were not entitled to arbitration of their UIM claim. The verified complaint, requesting a declaratory judgment, asserted that "a demand for arbitration was made years ago[,]" citing only to the August 21, 2013 letter from the former attorney. NJM opposed the requested relief, claiming among

other defenses, the statute of limitations had expired. The order to show cause was denied and a limited period was provided for discovery.

In its subsequently filed motion for summary judgment, seeking a declaration it had no obligation to provide UIM coverage, NJM argued plaintiffs' "present UIM claim is barred by the expiration of the statute of limitations." It contended plaintiffs' counsel did not respond to it, or provide "status updates or other information, never formally demanded arbitration, and never named an arbitrator on plaintiffs' behalf." NJM argued plaintiffs' counsel did not go forward with UIM proceedings as he had indicated in the August 21, 2013 letter.

Plaintiffs' cross-motion for summary judgment alleged that once NJM was advised about their UIM claim and correspondence was exchanged about it, NJM had a duty to advise plaintiffs it would rely on the statute of limitations defense. They contended they sent NJM discovery from the Staeger case, and that Kenneth Doctors had a PIP examination after the 2010 accident. In December 2018, plaintiffs provided NJM with additional discovery information including medical records, reports and an IME report from plaintiffs' case against Staeger.

NJM's motion for summary judgment was granted on January 25, 2019 and plaintiffs' cross-motion for summary judgment denied, dismissing the

A-2898-18T3

verified complaint.  The trial court found that by the time the six-year statute of limitations under N.J.S.A. 2A:14-1 expired on January 5, 2016, plaintiffs had not formally demanded arbitration or filed a UIM claim against NJM.  Although plaintiffs' prior attorney asked for approval to settle with Staeger, the trial court found that letter "made no mention of arbitration in any certain terms . . . ."  Rather, it stated the attorney's intention to "proceed with underinsured motorist arbitration proceedings in the event [he would be] unable to settle [his] client's UIM claim with NJM."  (alterations in original).  The trial court found this was not a formal demand for arbitration.  It presumed the failure of a predicate act—attempting settlement with NJM.  It also assumed NJM was "first provided with information it request[ed] and need[ed] to evaluate the UIM claim in order to be in a position to settle and resolve it short of arbitration."  The trial court found application of the statute of limitations was "warranted and necessary" to relieve NJM from being required to "litigate a stale claim."

On appeal, plaintiffs argue the trial court's order granting summary judgment to NJM should be reversed because the decision is contrary to the Supreme Court's holding in Price v. New Jersey Manufacturers Insurance Co., 182 N.J. 519 (2005).

A-2898-18T3

## II.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)). "Whether a particular cause of action is barred by a statute of limitations is determined by a judge rather than a jury." Estate of Hainthaler v. Zurich Commercial Ins., 387 N.J. Super. 318, 325 (App. Div. 2006).

A six-year statute of limitations applies to UIM claims, which "begins to run from the date of the accident." Price, 182 N.J. at 524 (citing Green v. Selective Ins. Co. of Am., 144 N.J. 344, 354 (1996). "[T]he purpose of statutes of limitations is to protect defendants from unexpected enforcement of stale claims by plaintiffs who fail to use reasonable diligence in prosecuting their claims." Hainthaler, 387 N.J. Super. at 327 (quoting LaFage v. Jani, 166 N.J.

412, 423 (2001)).  The parties do not dispute the statute of limitations for plaintiffs' UIM claim expired six years after the date of the accident.

Plaintiffs argue their August 2013 letter satisfied the requirement under their policy to provide notice to NJM of its claim for UIM coverage and arbitration.  Plaintiffs rely on Price, 182 N.J. at 522, to support their arguments.

In Price, the plaintiff was insured by NJM for uninsured motorist (UM) coverage.  Id. at 521.  His attorney alerted NJM to "[p]lease establish an uninsured motorist claim file."  Id. at 522 (alternation in original).  Shortly after, he wrote that he would like "to proceed with [his] client's uninsured motorists claim."  Ibid. (alternation in original).  Over the next three years, Price's attorney sent NJM various documents that NJM requested.  Id. at 526.  When arbitration was not scheduled, the plaintiff filed a complaint seeking to compel arbitration, but by that time the statute of limitations had expired and NJM opposed the requested relief.  Id. at 523.

The Supreme Court held in Price that the statute of limitations was equitably tolled.  Notably, the Court did not hold that the content of the plaintiff's letters by themselves were enough to prevent the running of the statute of limitations.  Price is an equitable tolling case.  Not only had the plaintiffs' counsel written to NJM explaining he would be presenting a UM claim, NJM

exchanged correspondence and information with him for three years. It was in that context that the Court held "[i]t was not reasonable for NJM to sit back" and then "deny [the] plaintiff's claim because he failed to file a complaint in Superior Court or request arbitration prior to the running of the six-year statute of limitations." Id. at 526.

The Court observed in Price that NJM's insurance contract included an "implied covenant of good faith and fair dealing." Ibid It found "NJM had a duty of good faith to notify plaintiff if it disagreed with his understanding that NJM was duly acting upon his filed claim." Ibid. The Court expressly did not require the carrier to provide advance notice in each case where it intended to raise the statute of limitations defense. Id. at 528.

Price is distinguishable from the present appeal. Plaintiffs' letter referenced an intention to request arbitration in the future if he were not able to settle with NJM. In the August 2013 letter, he stated he would "[p]roceed with underinsured motorist arbitration proceedings in the event I am unable to settle my client's UIM claim with NJM." He added that if NJM did not respond in thirty days, he would forward it the General Release "and demand arbitration of my client's UIM claim." No such demand was forthcoming.

9

NJM approved the request to settle with Staeger. Its September 10, 2013 letter referred to plaintiffs' "potential UIM claim" and requested information, only a portion of which was ever provided. On this record, we agree with the trial court there was never a written demand for arbitration. No arbitrator was named. The letter from plaintiffs' counsel provided that arbitration was contingent on settlement negotiations. There is no information that there were any settlement efforts by plaintiffs.

There are no facts in this case to support an equitable tolling of the statute of limitations' application. There was no record of contact or correspondence from plaintiffs' attorney about this claim from December 2, 2013 until January 2018, when plaintiffs' new attorney called NJM and then wrote on February 15, 2018, demanding that arbitration be scheduled. By this time, the January 5, 2016 statute of limitations for filing a UIM claim had come and gone. There was no evidence that plaintiffs relied on any action by NJM to change their position.

Plaintiffs have not asserted any other basis to toll the statute of limitations. We agree with the trial court the six-year statute of limitations applied to bar plaintiffs' request for arbitration of their UIM claim and that there was no

A-2898-18T3

equitable basis to toll application of the statute of limitations.  <u>Price</u> did not require NJM to advise plaintiffs that the statute of limitations was expiring.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2898-18T3