**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1621-19

THOMAS A. CAPPS, JR.,

    Plaintiff-Appellant,

v.

ROWAN UNIVERSITY, FRANK
NOLL, RAYMOND CIBO, and
JIM VITORITT,[1]

    Defendants-Respondents.

_____

Argued October 18, 2021 – Decided November 12, 2021

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-1124-16.

Daniel B. Zonies argued the cause for appellant (Law Offices of John M. Chomko, attorneys; John M. Chomko and Daniel B. Zonies, on the briefs).

Michael J. Miles argued the cause for respondent

---

[1]  The individually named defendants are not participating in this appeal.  We presume these defendants were dismissed prior to the entry of the order on appeal.

Rowan University (Brown & Connery, LLP, attorneys; Michael J. Miles, Andrew S. Brown, and Christine P. O'Hearn on the brief).

PER CURIAM

Plaintiff Thomas A. Capps, Jr. appeals from a November 18, 2019 order granting summary judgment to defendant Rowan University (Rowan) and dismissing his complaint with prejudice. Plaintiff filed suit after Rowan terminated his employment. Plaintiff claims Rowan's action violated the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -42, and constituted workers' compensation retaliation, N.J.S.A. 34:15-39.1. We affirm.

The following facts are based on the summary judgment record presented to the motion judge. Plaintiff began working at Rowan in 1992 as a boiler operating engineer. Plaintiff worked the same job at Rowan from 1992 until his termination 2014.

Plaintiff worked the "swing shift," meaning he worked three days on the afternoon shift and then three days on the night shift. Plaintiff suffered a stroke in 2012, which left plaintiff with a "speech impediment, [and] weakness on the right side."

In 2013, plaintiff experienced difficulty with his co-workers. According to plaintiff, two co-workers falsified documents and plaintiff reported their

actions to Rowan and the Occupational Safety and Health Administration (OSHA). Plaintiff also claimed one co-worker constantly swore at him and called him stupid.

On December 5, 2013, plaintiff lodged a discrimination complaint against a co-worker. Rowan's human resources department investigated the claims and rendered a written report on April 9, 2014. According to the report, the co-worker denied plaintiff's claims, stating "[plaintiff] had the tendency to create stories in his mind, think about them for three or four days, and then treat them as . . . reality." The co-worker also described various difficulties working with plaintiff. The report concluded none of plaintiff's allegations were supported and witnesses corroborated the co-worker's account. In addition, the report noted plaintiff's "history of behavior and observable physical signs of the side effects of a possible stroke raise[d] concerns regarding the possibility of future confrontations in the [h]eating [p]lant."

On February 5, 2014, plaintiff requested an accommodation under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213. Plaintiff's doctor submitted a letter indicating plaintiff had a long-term neurological health deficit affecting his speech, ability to walk, and capacity to lift objects. The doctor wrote plaintiff's condition would require "some

patience . . . on co-workers' part, otherwise [plaintiff] is quite functional." Rowan was unable to accommodate plaintiff's request because it could not compel co-workers to demonstrate patience in dealing with plaintiff.

On May 2, 2014, Rowan reported the results of its investigation to plaintiff, concluding "no violation of the New Jersey State Policy Prohibiting Discrimination in the Workplace occurred."

In June 2014, plaintiff continued experiencing difficulty with his co-workers. On June 6, 2014, defendant Frank Noll, Rowan's chief engineer, received a "profane" and "derogatory" telephone call from plaintiff. During this call, plaintiff "unleased a harassing tirade toward . . . upper[-]level supervisors." Plaintiff subsequently received a "Letter of Reprimand," warning him to cease behaving inappropriately.

On July 11, 2014, plaintiff filed another complaint with Rowan's human resources department. He reported that co-workers made disparaging comments about his intellectual ability.

On July 13, 2014, a boiler tank ruptured during plaintiff's work shift. The rupture caused the building to overheat, and plaintiff became dehydrated. Plaintiff went to the hospital, received treatment for dehydration, and returned to work the following next night for his regular shift.

A-1621-19

On July 15, 2014, plaintiff sought another ADA accommodation, requesting no changes to his work routine or schedule. Rowan approved his request, and the accommodation became permanent.

On July 18, 2014, plaintiff complained to his union president, defendant Raymond Cibo, about several workplace issues. Plaintiff highlighted asbestos in the heating plant, fencing in need of repair, and the lack of necessary signage in the workplace. Two weeks later, Rowan's director of environment, health, and safety responded to plaintiff's allegations. In an email, the director stated it was "well established that the [h]eating [p]lant has asbestos containing insulation" and "[a]ll workers in this building are required to attend asbestos awareness training." He further explained the asbestos containing materials were "in good condition and [did] not pose a health risk," found no areas in need of fencing, and all required signage posted.

In early August 2014, plaintiff requested time off. Plaintiff's supervisor denied the request because another employee previously requested vacation at the same time. After the denial of his request, plaintiff threatened his supervisor, telling the supervisor to "watch [his] back."

5

The day after plaintiff threatened his supervisor, Rowan issued a notice of minor disciplinary action to plaintiff. As a result, plaintiff received a five-workday suspension without pay.

On August 7, 2014, plaintiff placed a harassing telephone call to a co-worker. Plaintiff went on a "profanity-laced tirade" against the co-worker. Based on plaintiff's verbal harangue, Rowan issued a notice of disciplinary action, suspending plaintiff for fifteen workdays. Plaintiff never returned to work after August 7, 2014.

On August 11, 2014, plaintiff called out sick. The next day, plaintiff's doctor sent a note to Rowan, advising plaintiff could not work due to "clinical reasons." Rowan's human resources department contacted plaintiff's doctor and requested completion of paperwork so plaintiff could qualify for leave under the Family and Medical Leave Act (FMLA), N.J.S.A. 2A:11B-1 to -16. Plaintiff's doctor never provided the requested information.

On August 13, 2014, plaintiff had an encounter with local law enforcement. Plaintiff purportedly injured his wife, threatened to kill himself, and attempted to evade the police on a motorized scooter. Eventually, the police found and arrested plaintiff.

6

On August 20, 2014, Rowan issued three separate preliminary notices of disciplinary action to plaintiff for indefinite suspension, termination of plaintiff's employment, and "resignation not in good standing." The notices were based on the incidents associated with plaintiff's arrest, excessive absences from work, and continual harassment of co-workers.

On October 20, 2014, plaintiff filed a workers' compensation petition, seeking benefits for injuries received during the July 13, 2014 tank rupture.

A hearing on Rowan's preliminary notices of disciplinary action was held on October 30, 2014. At that hearing, Rowan affirmed plaintiff's termination.

On September 12, 2016, plaintiff sued Rowan and three Rowan employees.[2] In his complaint, plaintiff alleged discrimination under N.J.S.A. 10:5-3 and N.J.S.A. 34:15-39.1. Defendants filed an answer on June 30, 2017.

On August 16, 2019, after the close of discovery, Rowan moved for summary judgment. While the summary judgment motion was pending, plaintiff filed a motion for leave to amend his complaint. In the proposed amended pleading, plaintiff sought to add causes of action for discriminatory retaliation,

---

[2] The record on appeal does not indicate the disposition of plaintiff's claims against the individual defendants.

violations of the FMLA, and violations of "common law [under] Pierce v. Ortho Pharm. Corp., [84 N.J. 58 (1980)]."

On October 17, 2019, the judge heard counsels' arguments on the motions. The judge requested supplemental briefing on "the effect of the termination lawfully of an employee who is seeking damages in an LAD case." He entered an order adjourning the pending trial date, establishing a schedule for supplemental briefing, and rescheduling oral argument.

On November 18, 2019, the motion judge entered an order granting Rowan's motion for summary judgment and denying plaintiff's motion for leave to file an amended complaint. The judge explained his reasoning in a thirty-five-page written memorandum of decision.

Procedurally, the motion judge found plaintiff's claims were barred by the two-year statute of limitations. The judge rejected plaintiff's contention his complaint, filed on September 12, 2016, was timely because the statute of limitations commenced on October 30, 2014. The judge found no support in the record for plaintiff's allegation that Rowan "did anything on [October 30] other than attempt to conduct a hearing . . . ." Further, "even giving the [p]laintiff the benefit of the doubt . . . the hearing on October 30, 2014 [was] a discrete act standing alone that does not related back to the alleged [discriminatory

conduct.]" The judge found "no actionable conduct arising by virtue of the discrete hearing scheduled and held on October 30, 2014 . . . ." The judge concluded any discriminatory action occurred no later than August 20, 2014, the date Rowan issued the preliminary notices of disciplinary action terminating plaintiff's employment.

Nor did the judge find a genuine dispute of material fact regarding plaintiff's notice of the disciplinary hearing. Despite being hospitalized at the time, the hearing notice was mailed to his home and plaintiff attended the October 30, 2014 hearing.

While the judge found plaintiff "had confrontations with co[-]workers," nothing in the record, other than plaintiff's self-serving certifications, indicated plaintiff suffered harassment attributable to his co-workers. The judge held plaintiff's allegations were not "corroborated by others or documented or supported in any manner." Significantly, the judge found "too many contradictions in [plaintiff's sworn testimony] to find [plaintiff's allegations] credible." He also found the certification submitted by plaintiff's wife "largely without any corroborative effect."

A-1621-19

Additionally, the judge concluded plaintiff's claims failed on the merits even if the claims were not time barred by the statute of limitations. The judge found

> there [were] so many inconsistencies and irrational statements made by [plaintiff] alleging misconduct of so many persons at Rowan, coworkers as well as [s]upervisors, based only upon the allegations of [p]laintiff and nothing more, that there is an absence of material and genuine fact. Here, there is no corroboration but only the lengthy contradictory history provided by a person who has not been well.

Relying on the sham affidavit doctrine in <u>Shelcusky v. Garjulio</u>, 172 N.J. 185 (2002), the judge concluded plaintiff's

> recitation of his mistreatment [was] wide ranging but [did] not contain any independent factual support and [was] full of generalities, contradictions and inaccuracies. The only evidence presented [was plaintiff's] own conclusory statements, which compared to his sworn testimony in his deposition, appears to this [c]ourt to utterly lack any credibility thus not creating a genuine issue that reasonable minds could differ in resolving.

In denying plaintiff's motion, the judge explained allowing an amended complaint, asserting new claims against Rowan, would be an exercise in futility because the proposed additional claims would be barred by the two-year statute of limitations. He further held "[p]laintiff's proposed [a]mended complaint[]

10

must also fail as there is not relation back to allow for these additional late claims to survive."

On appeal, plaintiff raises the following arguments: the judge erred in denying his motion for leave to amend the complaint; his claims were filed within the applicable statute of limitations; the judge erred in "accepting defendants' incompetent evidence in violation of [Rules] 4:46 and 1:6-6"; the judge erred in rendering credibility determinations; the judge erred in finding plaintiff failed to establish a prima facie case of discrimination and retaliation; the judge violated plaintiff's right to due process; and the judge erred in finding Rowan's preliminary notices of disciplinary action were properly served. We reject plaintiff's arguments.

Our review of a summary judgment motion is de novo, applying the same standard as the trial court. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018). A court should consider whether "the competent evidential materials submitted by the parties," when viewed in the light most favorable to the non-moving party, show there are no "genuine issues of material fact" and "the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014); R. 4:46-2(c). We accord no deference to a motion judge's legal conclusions. RSI Bank, 234 N.J. at 472.

We first consider plaintiff's claim the judge erred in dismissing his complaint based on the statute of limitations. "Whether a cause of action is barred by a statute of limitations is a question of law . . . reviewed de novo." Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016) (citing Est. of Hainthaler v. Zurich Com. Ins., 387 N.J. Super. 318, 325 (App. Div. 2006)).

The statute of limitations for claims arising under the NJLAD is two years. Vitale v. Schering-Plough Corp., 231 N.J. 234, 249 (2017). "Determining when the limitation period begins to run depends on when the cause of action accrued, which in turn is affected by the type of conduct a plaintiff alleges to have violated the LAD." Alexander v. Seton Hall Univ., 204 N.J. 219, 228 (2010). "Discriminatory termination and other similar abrupt, singular adverse employment actions that are attributable to invidious discrimination, prohibited by the LAD, generally are immediately known injuries, whose two-year statute of limitations period commences on the day they occur." Ibid.

However, "[w]hen an individual is subject to a continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases." Wilson v. Wal-Mart Stores, 158 N.J. 263, 272 (1999). Under the continuing violation doctrine, the statute of limitations on

claims asserted by a plaintiff may not run until the harassment or discrimination ceased. Ibid.

Here, plaintiff received five separate preliminary notices of disciplinary action in August 2014. The August 20, 2014 notices terminated plaintiff's employment based on plaintiff's workplace behaviors. Further, plaintiff never reported to work after August 7, 2014 and failed to provide information from a doctor supporting a claimed inability to return to work for medical reasons.

Having reviewed the record, we are satisfied the judge correctly concluded the statute of limitations began to run on either August 7, 2014, plaintiff's last day of work, or August 20, 2014, plaintiff's termination date. Because plaintiff never returned to work after August 7, 2014, he was not subject to any continuing harassment or discrimination by Rowan or its employees after that date. Moreover, Rowan terminated plaintiff on August 20, 2014. Thus, August 20 was the latest possible date for calculating the statute of limitations on plaintiff's discrimination and wrongful termination claims.

We reject plaintiff's contention the statute of limitations began to run on October 30, 2014. There was no discriminatory act or termination of employment on that date. The October 30 proceeding was merely the culmination of plaintiff's right to an administrative review following the

termination of his employment. Further, the October 30 proceeding was a discreet act and not part of an ongoing or continuous violation of plaintiff's rights.

We next review plaintiff's argument regarding denial of his motion to amend the complaint. We review a decision on a motion to amend a pleading for abuse of discretion. Kernan v. One Washington Park, 154 N.J. 437, 457 (1998). Generally, motions to amend pleadings are liberally granted, but the determination is left to the sound discretion of the trial court. Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 484 (App. Div. 2012); R. 4:9-1. A judge must analyze "'whether the non-moving party would be prejudiced; and whether the amendment would be futile'—that is, whether the claim as amended would nevertheless fail, thus making amendment a useless endeavor." Bustamonte v. Bor. of Paramus, 413 N.J. Super. 276, 298 (App. Div. 2010) (quoting Notte v. Merchs. Mut. Ins. Co., 185 U.S. 490, 501 (2006)). If it is clear that an amendment is meritless and cannot withstand dismissal under Rule 4:6-2, it is not an abuse of discretion to deny the motion to amend. Ibid.

Here, the judge did not abuse his discretion in denying plaintiff's motion to amend the complaint. Plaintiff admittedly did not seek to amend his complaint until after the close of discovery and after Rowan filed for summary

judgment. Plaintiff's proposed additional claims were based on the same set of facts known to him at the time he filed his original complaint. Rowan pursued discovery and filed for summary judgment based on the allegations in plaintiff's original complaint. To allow plaintiff to amend his pleading after completion of discovery and after Rowan filed a motion for summary judgment would have necessitated re-opening discovery, resulting in further delay of the case, and likely prejudicing Rowan's defense strategy.

Having reviewed the record, we are satisfied the judge correctly concluded plaintiff's claims in his proposed amended complaint would be barred by the applicable statute of limitations. As a result, the proposed claims would not have withstood a motion to dismiss. Additionally, plaintiff provided no explanation for his delay in seeking to amend his complaint more than three years after filing his original complaint. Further, he failed to show any newly discovered evidence giving rise to his belated effort to assert additional claims.

Courts should not countenance a plaintiff's dilatory action in belatedly seeking to add wholly new claims after the closing of discovery and after the filing of a dispositive motion for summary judgment. To hold otherwise would open the floodgates to never-ending litigation whenever a plaintiff perceives that his or her originally asserted claims may be dismissed after motion practice.

A-1621-19

We briefly address certain of plaintiff's remaining arguments. Contrary to plaintiff's contention, Rowan did not rely solely on information in the preliminary notices of disciplinary action in its motion for summary judgment. Rowan filed certifications from employees and supervisors familiar with plaintiff's workplace behaviors. Additionally, Rowan presented extensive deposition testimony in support of summary judgment, including plaintiff's deposition testimony. Further, Rowan submitted documentary evidence related to plaintiff's improper conduct in the workplace as part of its summary judgment motion. Thus, the judge did not rely on "incompetent evidence" in granting summary judgment.

Plaintiff also asserts the judge found he failed to establish a prima facie case of discrimination or wrongful termination. However, because the judge held plaintiff's claims were time-barred, he did not address whether plaintiff established a prima facie case in support of those claims. Since we affirm the judge's finding that plaintiff's discrimination and wrongful termination claims were barred by the two-year statute of limitations, we need not address plaintiff's contentions in this regard.

Plaintiff further claims he was denied due process. However, his brief omitted any legal argument in support of this contention. Any issues not briefed

on appeal are deemed waived.  <u>Sklodowsky v. Lushis</u>, 417 N.J. Super. 648, 657 (App. Div. 2011).

We also decline to address plaintiff's arguments unrelated to claims asserted in his original complaint.  Plaintiff's allegation that Rowan violated <u>Pierce v. Ortho Pharm. Corp.</u>, 84 N.J. 58 (1980) and the FMLA were raised in his proposed amended complaint.  Because the judge did not permit plaintiff to assert those claims by way of an amended pleading, the claims are not properly before us.

To the extent we have not addressed plaintiff's remaining arguments, we conclude the arguments are without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-1621-19