**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3261-23

PAUL B. DALNOKY,

    Plaintiff-Appellant,

v.

ESS NORTHEAST, LLC,[1]

    Defendant-Respondent,

and

THE ATLANTIC CITY BOARD
OF EDUCATION, and THE NEW
JERSEY DEPARTMENT OF
EDUCATION,

    Defendants.

_____

        Submitted April 9, 2025 – Decided August 18, 2025

        Before Judges Mayer and Rose.

        On appeal from the Superior Court of New Jersey, Law
        Division, Atlantic County, Docket No. L-0220-24.

---

[1] Improperly pled as ESS Support Services, LLC.

Paul B. Dalnoky, appellant pro se.

Marshall Dennehey, PC, attorneys for respondent (Ashley L. Toth and Walter F. Kawalec, III, on the brief).

PER CURIAM

Self-represented plaintiff Paul B. Dalnoky appeals from a May 10, 2024 Law Division order granting summary judgment to defendant ESS Northeast, LLC (ESS).[2]  We affirm.

We summarize the pertinent facts from the motion record in a light most favorable to plaintiff as the non-moving party.  See R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).  Plaintiff worked as a substitute teacher in the Atlantic County School District for the 2014-15 and 2015-16 school terms.  In October 2016, the Board and Source4Teachers

---

[2]  We glean from ESS's responding brief, when plaintiff filed a notice of appeal from the May 10, 2024 orders, his "claim against the New Jersey Department of Education [(DOE)] was still pending in the Law Division, but that claim has since been dismissed with prejudice."

Further, after the briefs were filed and prior to our disposition, plaintiff and the Atlantic City Board of Education (Board) settled their claims.  We improvidently dismissed the claims as to the Board and ESS and thereafter reinstated plaintiff's claims against ESS.  We now address plaintiff's claims only as they pertain to ESS, except where necessary to provide context to the judge's decision.

executed a contract (Staffing Contract), designating Source4Teachers as the Board's "exclusive provider of substitute teachers" from July 2016 to June 2018.

The Board notified all substitute teachers, including plaintiff, they must become Source4Teachers' employees if they wished to continue teaching in the district. Plaintiff thus became a Source4Teachers employee for the 2016-17 school year. In May 2017, Source4Teachers terminated plaintiff's employment over what plaintiff described as "two trivial incidents."

Source4Teachers later merged with ESS, and plaintiff reapplied for a position. In August 2023, ESS denied plaintiff's application, stating plaintiff was "not a good fit for the position" due to his "record of incidents" prompting three schools in the Atlantic City School District and one school in the Pleasantville School District to bar him from returning as a substitute teacher. ESS expressed concerns about plaintiff's "classroom management and unprofessionalism."

In October 2023, plaintiff filed a complaint against ESS in the Chancery Division, alleging tortious interference with contract. The Chancery judge dismissed the complaint without prejudice for failure to state a claim, see R. 4:6-2(e), afforded plaintiff forty-five days to file an amended complaint, and transferred the matter to the Law Division.

A-3261-23

In February 2024, plaintiff filed his amended complaint against ESS, the Board, and the DOE asserting claims for: a violation of the New Jersey Antitrust Act (Antitrust Act), N.J.S.A. 56:9-1 to -19, against all defendants (count one); tortious interference with contractual rights against ESS (count two); tortious interference with prospective economic advantage against ESS (count three); breach of contract against the Board (count four); intentional infliction of emotional distress against ESS (count five); and a purported "catch-all" claim against all defendants (count six).

ESS and the Board moved to dismiss the amended complaint pursuant to Rule 4:6-2(e). During the April 12, 2024 hearing, the motion judge noted both motions required a review of documents outside the pleadings. The judge afforded "all of the parties a reasonable notice that [she was] going to convert the motion[s] to dismiss for failure to state a claim to . . . motion[s] for summary judgment." See R. 4:6-2. When asked whether he understood, plaintiff responded, "Yes. Of course, Judge." The judge scheduled a May 10, 2024 return date for the converted summary judgment motions, affording plaintiff until May 1, 2024 to submit a response. Plaintiff filed timely opposition.

Following argument on May 10, 2024, the motion judge issued an oral decision granting summary judgment to ESS and the Board, dismissing all

counts of plaintiff's amended complaint under the statute of limitations and on the merits. The judge conducted a thorough review of the record addressing seriatim each count asserted in plaintiff's complaint.

As to count one, the judge was persuaded plaintiff's claim was time-barred under the four-year statute of limitations. See N.J.S.A. 56:9-14. Noting the contract between ESS and the Board was formed in July 2016, ended in June 2018, and plaintiff was terminated in May 2017, the judge concluded "using any of those dates, the filing of the complaint in October of 2023 was beyond the applicable statute." Further, the judge found equitable tolling did not save plaintiff's claims. The judge reasoned, "plaintiff was clearly aware by [the Board's] letter and . . . go[ing] through [ESS's hiring] process . . . that ESS was now staffing for the [Board]." The judge also concluded the record contained no evidence demonstrating the Staffing Contract "[was] in restraint of trade," or had an "unlawful purpose" or "anti-competitive effect."

The judge next dismissed counts two and three, noting "there's a six-year statute of limitation for claims alleging tortious interference," which at the latest, began accruing when ESS terminated plaintiff in May 2017. See N.J.S.A. 2A:14-1(a). The judge further found "no evidence in the record of malice" or that "ESS intentionally interfered without justification."

A-3261-23

Dismissing count five, the judge found the claim was barred by the two-year statute of limitations, which at the latest, began accruing when ESS fired plaintiff in 2017. See N.J.S.A. 2A:14-2(a). Further, the judge found "no factual basis . . . upon which a reasonable fact finder could rely to find that [ESS] engaged in intentional and outrageous conduct." Lastly, the judge dismissed count six against ESS because plaintiff sought relief only against the DOE. This appeal followed.

Before us, plaintiff argues he was denied "a reasonable opportunity to present all material pertinent to a summary judgment motion." Plaintiff also contends ESS failed to demonstrate there was no genuine issue of material fact precluding summary judgment and the judge "conducted an impermissible weighing of the evidence."

Well-settled principles guide our review. We review a decision on a summary judgment motion "de novo, applying the same standard used by the trial court." Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Summary judgment must be granted when the record "show[s] that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The judge must "consider whether the competent evidential materials presented, when viewed in the light most

A-3261-23

favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Brill, 142 N.J. at 540.

I.

As a threshold matter, we reject plaintiff's contention the judge did not provide him a reasonable opportunity to fully address ESS's converted motion for summary judgment.  Rule 4:6-2 provides:

> If, on a motion to dismiss based on [failure to state a claim], matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable notice of the court's intention to treat the motion as one for summary judgment and a reasonable opportunity to present all material pertinent to such a motion.

Plaintiff did not object to the deadlines the judge established for submission of supplemental opposition and oral argument.  On the contrary, when asked whether he understood the deadlines, plaintiff did not assert he needed additional time.  We therefore review his argument for plain error.  See Liberty Ins. Corp. v. Techdan, LLC, 253 N.J. 87, 114 (2023); R. 2:10-2.

Plaintiff claims the eighteen-day time frame was insufficient to "conduct discovery."  Without further elaboration, he asserts "some of the documents" he sought to use "did not arrive in time to be included" in his submissions.

7

However, plaintiff did not identify those documents, their contents, or how they would demonstrate a genuine issue of material fact. A party opposing a motion for summary judgment "on the grounds that discovery is incomplete . . . must 'demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action.'" Branch v. Cream-O-Land Dairy, 459 N.J. Super. 529, 541 (App. Div. 2019) (quoting Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015)). Because plaintiff failed to meet that requirement and the record reveals the judge afforded him nearly three weeks to respond to ESS's motion under Rule 4:6-2, we conclude the motion deadline was not "clearly capable of producing an unjust result." R. 2:10-2.

II.

We next turn to plaintiff's contention the Staffing Contract between ESS and the Board violated the Antitrust Act, which prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce." N.J.S.A. 56:9-3. An action to enforce the provisions of the Antitrust Act

> shall be barred unless commenced within [four] years
> after the cause of action arose, or if the cause of action
> is based upon a conspiracy in violation of this act,
> within [four] years after the plaintiff discovered, or by

the exercise of reasonable diligence should have discovered the facts relied upon for proof of the conspiracy.

[N.J.S.A. 56:9-14.]

Plaintiff contends the motion judge erroneously determined his claim was time-barred because he "only discovered the facts underlying [a] conspiracy" between the Board and ESS "when [he] received the [Staffing Contract in] response to [an Open Public Records Act] request on January 20, 2024." We disagree.

"Whether a cause of action is barred by a statute of limitations is a question of law . . . reviewed de novo." Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016). "Statutes of limitation[s] begin to run upon the 'accrual' of a cause of action." Est. of Hainthaler v. Zurich Com. Ins., 387 N.J. Super. 318, 327 (App. Div. 2006) (quoting Ali v. Rutgers, 166 N.J. 280, 286 (2000)). A cause of action accrues "when 'the right to institute and maintain a suit' first arose." White v. Mattera, 175 N.J. 158, 164 (2003) (quoting Rosenau v. City of New Brunswick, 51 N.J. 130, 137 (1968)).

As pled, plaintiff's claim alleged an "illegal contract" rather than a conspiracy under the Antitrust Act. In his complaint, plaintiff sought "a declaration that the contract described herein be deemed illegal" and requested

9                                                                                        A-3261-23

the judge enjoin the DOE "from allowing school districts within its purview from entering into such contracts in restraint of trade."  Therefore, plaintiff could have filed his claim, at the latest, when the Staffing Contract expired in June 2018.  Plaintiff did not file his lawsuit until October 2023, well outside the four-year statute of limitations.

Even if the conspiracy provision of N.J.S.A. 56:9-14 applied to plaintiff's complaint, however, his reasonable diligence should have uncovered facts about the alleged conspiracy in 2016, when the Board notified plaintiff "Source4Teachers officially began managing [the Board's] substitute program." As the motion judge noted, the Staffing Contract was public record, which plaintiff could have obtained in 2016.  The motion judge also concluded "plaintiff was clearly aware by [the Board's] letter and of having to go through [ESS's hiring] process . . . that ESS was now staffing for the [Board]."  Indeed, plaintiff applied for a substitute teaching job with ESS, interviewed with ESS, and attended an ESS orientation for the 2016-17 school year.  Therefore, the facts underlying any alleged conspiracy would have been discoverable through reasonable diligence well before the four-year time frame prior to plaintiff filing suit.

A-3261-23

III.

Lastly, we note plaintiff does not expressly argue the judge erroneously decided his additional claims against ESS were time-barred or otherwise lacked merit. "An issue not briefed on appeal is deemed waived." Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011)); see also Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025). We have nonetheless considered plaintiff's remaining contentions in view of the applicable law and conclude they lack sufficient merit to warrant further discussion in our written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons set forth in the motion judge's cogent oral decision accompanying the May 10, 2024 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3261-23